43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don Duane BLANKENSHIP, Defendant-Appellant.
 No. 94-50252.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Duane Blankenship appeals the 151-month sentence imposed following his entry of a guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Blankenship contends the district court erred by sentencing him as a career offender under the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 In 1985, Blankenship was convicted for a burglary which he committed on July 7, 1985 (the 1985 conviction). In 1987, Blankenship was convicted of committing three burglaries during a six-day period in September 1986 (the 1987 conviction). In 1988, Blankenship was convicted of committing two burglaries, one on June 7, 1985, and the other some time around June 30, 1985 (the 1988 conviction).
 
 
 4
 At sentencing, the district court excluded the 1985 conviction from its criminal history calculation because it found a constitutional flaw in the proceedings by which Blankenship entered his guilty plea. Nevertheless, based on the 1987 and 1988 burglary convictions, the district court found that Blankenship was a career offender as defined by U.S.S.G. Sec. 4B1.1 and increased his offense level and criminal history category accordingly.
 
 
 5
 Blankenship argued to the district court, and now argues on appeal, that the burglaries involved in the 1988 conviction and the invalid 1985 conviction were related within the meaning of U.S.S.G. Sec. 4A1.2. He contends that it follows from this relationship that the invalidity of the 1985 conviction renders the 1988 conviction invalid as well.
 
 
 6
 Blankenship's argument, to the extent that it makes any sense at all, is foreclosed by our recent decision in United States v. Burrows, 36 F.3d 875 (9th Cir.1994). Following the Supreme Court's reasoning in Custis v. United States, 114 S.Ct. 1732 (1994), we held in Burrows that a defendant has no constitutional right to challenge the validity of a prior conviction included in the Guidelines criminal history calculation absent an allegation that he was denied his right to counsel at the prior proceedings. See Burrows, 36 F.3d at 884-85. Blankenship makes no such allegation here.
 
 
 7
 Even were we to address Blankenship's contention on the merits, it would fail. Blankenship does not allege that the 1988 conviction was tainted in any way by the alleged improprieties at the plea hearing for the 1985 conviction, he merely argues that because the underlying offenses were committed at about the same period in time, the convictions must be treated identically. We fail to see the logic in this argument. The fact that the 1985 conviction may have been invalid for purposes of calculating criminal history does not in any way affect the constitutional validity of the 1988 conviction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3